UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK ALLEN OLSEN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>The CITY OF BOISE, IDAHO, a political subdivision of the State of Idaho; the CITY OF EAGLE, a political subdivision of the State of Idaho; RYAN LEE, individually, and in his capacity as Chief of Police of the Boise City Police Department; PATRICK CALLY, individually, and in his capacity as Chief of Police of the City of Eagle; IAN SEAVEY, individually, and in his capacity as a Boise City Police Officer; Ada County Sheriff Deputies, A. BOSWELL, N. DAIGL, and A. WENTZ, individually and in their capacity as Ada County Sheriff Deputies, and JOHN and JANE DOES I through X, inclusive, individually and in their capacities as officials, employees, and/or agents of Boise City, and Ada County, Idaho,<br><br>　　　　Defendants. | Case No. 1:20-cv-478-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants Ryan Lee and Ian Seavey's Motion to Dismiss for Insufficient Service of Process. Dkt. 20. Plaintiff Mark Allen Olsen ("Olsen") filed a tardy response to the Motion to Dismiss, as well as a declaration from the process

MEMORANDUM DECISION AND ORDER - 1

server, and an "Objection" to Lee and Seavey's Motion to Dismiss. Dkts. 25–27. Pending as well is a Motion to Strike Plaintiff's Objection to Defendants' Motion to Dismiss Lee and Seavey. Dkt. 29. The Court will also respond to the Joint Request for Status Conference by the City of Boise and the City of Eagle. Dkt. 34. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS the Motion to Dismiss (Dkt. 20), GRANTS the Motion to Strike (Dkt. 29), and DENIES the Joint Request for a Status Conference. Dkt. 34.

## II. BACKGROUND

On October 8, 2020, Olsen filed the instant civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was unlawfully arrested while filleting fish in his backyard. Under FRCP 4(m) Olsen had 90 days from October 8, 2020, to serve the Summons and Complaint on the Defendants.[1] The Court later extended Olsen's time to complete service on Defendants to March 8, 2021. Dkt. 6. The Court warned, "[i]f Plaintiff fails to serve any of the Defendants by the deadline stated below, this action may be dismissed without prejudice as to that Defendant or Defendants pursuant to Federal Rule of Civil Procedure 4(m)." *Id*. The Court issued a summons to Olsen at his request on March 8, 2021. Dkt. 7.

---

[1] Thus, Olsen had until January 8, 2021 to serve the Defendants.

MEMORANDUM DECISION AND ORDER - 2

Olsen subsequently filed an Affidavit of Service of Summons and Complaint with the Court, attesting that the Complaint and Summons were served upon the City Clerk for the City of Boise on March 8, 2021, the day that service was due. Included as parties within the Summons were the City of Boise, Lee, and Seavey. Dkt. 8.

Lee and Seavey subsequently filed a Motion to Dismiss for Insufficient Service of Process under Federal Rule of Civil Procedure 12(b)(5). Dkt. 20. They also filed a separate Memorandum in Support of Motion to Dismiss for Insufficient Service of Process.[2] Dkt. 21. Forty-seven days after the deadline for a response to Lee and Seavey's Motion to Dismiss had passed, Olsen filed an Objection to the Motion to Dismiss (Dkt. 25), a Declaration of Service (Dkt. 26), and a Memorandum in Opposition to the Motion to Dismiss (Dkt. 28). Lee and Seavey then filed a Reply to their Motion to Dismiss (Dkt. 28), and a Motion to Strike Olsen's Objection (Dkt. 29). On September 23, 2021, Defendants City of Boise and City of Eagle filed a Joint Request for Status Conference "to determine who the proper defendants are within this lawsuit." Dkt. 34.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a claim for insufficient service of process. Pursuant to Rule 4(m), it is a plaintiff's duty to serve each defendant in the case within 90 days after filing the complaint, or to request a waiver of service under Rule 4(d). Fed. R. Civ. P. 4(m). Service upon a defendant in their individual capacity must conform with Rule 4(e), which provides:

---

[2] For future reference, the Court prefers that such Memorandums be included with the relevant motion in the same docket filing.

MEMORANDUM DECISION AND ORDER - 3

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>     (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>     (2) doing any of the following:
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Serving an individual defendant in his or her official capacity "may be made personally or by leaving the summons and complaint with an authorized agent at the defendant's place of employment." *Gerritsen v. Consulado Gen. De Mexico*, 989 F.2d 340, 344 (9th Cir. 1993).

> Rule 4 of the Idaho Rule of Civil Procedure requires:
>
> (d) Upon Whom Served.
>     (1) Service on Individuals. An individual, other than a person under age 14 or an incompetent person, may be served doing any of the following:
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone at least 18 years old who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Dist. Idaho Loc. Civ. R. 4.

In the Ninth Circuit, a motion to dismiss based on a plaintiff's failure to abide by F.R.C.P 4(m) requires a two-step analysis: "First, upon a showing of good cause for the

MEMORANDUM DECISION AND ORDER - 4

defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (internal citations omitted). With respect to the first step, the Circuit has clarified that showing "good cause" is the equivalent of demonstrating "excusable neglect," and that, to establish good cause, a Plaintiff may also be required to show "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987)).

The Ninth Circuit has declined to "articulate a specific test that a court must apply in exercising its discretion" under the second step of the Rule 4(m) analysis. *In re Sheehan*, 253 F.3d at 513. However, it has noted that if a Plaintiff cannot establish good cause, the Court's discretion to nevertheless extend the prescribed time period for the service of a complaint "is broad." *Id*. Finally, if a court declines to extend the time period for the service of process, it must dismiss the complaint without prejudice. *See U.S. v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004).

### IV. DISCUSSION

#### A. 12(b)(5) Motion

Olsen sued Lee and Seavey in their individual and official capacities. After the Court's extension, service of process was due by March 8, 2021. Dkt. 6. Olsen failed to serve Lee and Seavey by that deadline because he only served Boise City—a separate

MEMORANDUM DECISION AND ORDER - 5

defendant in the instant case—and did not serve Lee and Seavey individually. No process was served in any form to Lee and Seavey. Instead, Olsen apparently expected that the City of Boise would notify them. This violated the Federal and Idaho Rules of Civil Procedure, which require personal service. Fed. R. Civ. P. 4(e); Dist. Idaho Loc. Civ. R. 4(d). Boise City's Attorney, Scott B. Muir, since accepted service of the summons and complaint on behalf of Lee and Seavey on May 14, 2021, but made it clear that in accepting service, Lee and Seavey were not waiving the defense of untimely and improper service.

Because Olsen failed to meet the Rule 4 requirements, the Court will determine if Olsen has shown good cause under the *In re Shaheen* factors to receive an extension for time to serve process. The Ninth Circuit has held that even if the plaintiff cannot show good cause, a plaintiff must still demonstrate why his inadvertence is excusable to receive more time to serve a defendant. *See U.S. for Use and Benefit of Familian Northwest, Inc. v. RG & B Contractors, Inc.*, 21 F.3d 952, 956 (9th Cir.1994). Here, Olsen has not shown good cause because he has not attempted to show his inadvertence was excusable. Olsen has not addressed the *In re Shaheen* factors or the *Pioneer* excusable neglect test outlined by Lee and Seavey in their Motion to Dismiss. Dkt. 21 at 5. Olsen makes no claim that Lee and Seavey received actual notice during the time for service. Olsen makes no argument that Lee and Seavey would not be prejudiced. Olsen also raises no claim that he himself would be prejudiced. Indeed, Olsen has not made any argument *at all* that his failure to properly serve was for good cause. Olsen has not even asked for an extension. These extensions are not automatic—the Ninth Circuit requires plaintiffs to "show" good cause. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). This dearth of effort on the part of Olsen

or his attorney is fatal to Olsen's argument.

While courts do have significant leeway to grant extensions, there are limits to what a court can do. Deciding to not grant Olsen a second extension accords with precedent from this Court. In *Campbell v. Stander*, plaintiff Campbell filed his complaint and then did not serve his defendants for over a year. *Campbell v. Stander*, 2013 WL 4433693, at *2 (D. Idaho Aug. 16, 2013). Campbell "provided no evidence that Stander and Cardova attempted to evade service, or that they took any action that contributed to the delay; he has only stated that "[e]fforts to serve those defendants are ongoing." *Id.* Campbell also failed to state that he would suffer prejudice if the defendants were dismissed. This Court held that "[g]iven Campbell's failure to show notice, prejudice, or any justification for the insufficient service, the Court cannot find good cause for the deficient service of process." *Id.* As Olsen has similarly failed to show notice, prejudice, or justification, the Court also cannot find that Olsen's neglect somehow qualifies as good cause.

Thus, because Olsen failed to establish good cause, the Court will not grant him another extension to properly serve process. Olsen and his attorney should be aware that any future filings that are tardy, or clearly lacking in substance, will similarly not be met with leniency. It is not the Court's jobs to argue on behalf of a party. It is also worth noting that Lee and Seavey did not clearly indicate whether they were moving to have the claims dismissed against them in their individual or official capacities, or both. Therefore, the Court will GRANT the Motion to Dismiss (Dkt. 20) and DISMISS the claims against Lee and Seavey in their individual capacities.

### B. Motion to Strike

Lee and Seavey also ask the Court to strike Olsen's Objection to their Motion to Dismiss (Dkt. 25), as well as the accompanying Declaration of Mark Casey Snowball (Dkt. 26) and Memorandum (Dkt. 27). Dkt. 29. Lee and Seavey argue Olsen's Objection is untimely and improper pursuant to District of Idaho Local Rule Civ. 7.1(c). The Court agrees.

District of Idaho Local Rule 7.1 allows a responding party to file and serve a response brief within 21 days after service of the moving brief. Dist. Idaho Loc. Civ. R. 7.1(c). It is a simple, straightforward rule. Here, Olsen filed his Objection not only outside this 21-day window, but 47 days after it had closed. On occasion, it is understandable when a party misses a deadline by a day or two, especially during a global pandemic. But 47 days late is a gross mistake.

The Court is not stingy in granting extensions, when they are timely requested. Here, Olsen never asked for an extension. When the Objection was filed, Olsen made no mention *whatsoever* of the glaring fact that he had exceeded his response deadline by 47 days. The Objection does not contain even the slimmest of *mea culpa*s. If the Court failed to strike Olsen's Objection, it would be inviting future parties to also trample over judicial deadlines. The Court is not inclined to grant an extension *sua sponte* when a party is not even willing to acknowledge its obvious mistake and will not do so here.

Even if the Court had allowed the Objection to stand, the arguments that Olsen makes are fruitless. Olsen argues that service was proper under the Idaho Tort Claims Act. Dkt. 27, at 3. Olsen misses one critical point—he brought his claims under 42 U.S.C.

§ 1983. *See* Dkt. 1. Olsen did not bring any claims under the Idaho Tort Claims Act. *Id*. As such, Rule 4 of the Federal Rules of Civil Procedures governs service of process. As discussed above, Lee and Seavey were not served in a manner consistent with Rule 4. Even if Olsen's mistake was honest, he did not file a response to the Motion to Strike to show his good faith.

In sum, the Court GRANTS Lee and Seavey's Motion to Strike. Olsen missed his window to file a reply and he failed to request an extension. Furthermore, Olsen never tried to offer good cause as to why he missed the deadline by 47 days. Even if the Court chose to not strike the Objection (Dkt. 25), the Court would not change its decision regarding the Motion to Dismiss because the arguments within the Objection have no bearing whatsoever on the relevant case law for the Rule 4 analysis.

### C. Joint Request for a Status Conference

Defendants the City of Boise and the City of Eagle filed a joint request for a status conference to determine who the defendants are, claiming that "several named defendants have never been properly served and must be dismissed." Dkt. 34. The Court rarely holds status conferences and does not think one is appropriate in this situation. Many questions regarding "who the proper defendants are" (Dkt. 34, at 2) are legal questions and cannot be answered in a status conference. If there are several other named defendants who were not properly served, it is best that those parties move to be dismissed so that the Court can rule appropriately. Alternatively, the Court suggests that the parties meet and confer on their own before requesting a conference with the Court.

## V. ORDER

The Court HEREBY ORDERS:

1. Defendants Lee and Seavey's Motion to Dismiss (Dkt. 20) is **GRANTED** and the claims against Defendants Lee and Seavey in their individual capacity are **DISMISSED**.

2. Defendants Lee and Seavey's Motion to Strike (Dkt. 29) is **GRANTED**.

3. Defendants City of Boise and City of Eagle's Joint Request for a Status Conference (Dkt. 34) is **DENIED**.

DATED: October 13, 2021

David C. Nye
Chief U.S. District Court Judge