UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK ALLEN OLSEN,<br><br>    Plaintiff,<br><br>v.<br><br>The CITY OF BOISE, IDAHO, a political subdivision of the State of Idaho; the CITY OF EAGLE, a political subdivision of the State of Idaho; RYAN LEE, in his capacity as Chief of Police of the Boise City Police Department; PATRICK CALLY, individually, and in his capacity as Chief of Police of the City of Eagle; IAN SEAVEY, in his capacity as a Boise City Police Officer; Ada County Sheriff Deputies, A. BOSWELL, N. DAIGL, and A. WENTZ, individually and in their capacity as Ada County Sheriff Deputies, and JOHN and JANE DOES I through X, inclusive, individually and in their capacities as officials, employees, and/or agents of Boise City, and Ada County, Idaho,<br><br>    Defendants. | Case No. 1:20-cv-00478-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Defendants Patrick Calley, Aaron Boswell, Neil Daigle,

MEMORANDUM DECISION AND ORDER - 1

and Amanda Wentz's ("Defendants") Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction. Dkt. 38. Plaintiff Mark Allen Olsen ("Olsen") failed to respond to the Motion to Dismiss. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS the Motion to Dismiss (Dkt. 38).

## II. BACKGROUND

On October 8, 2020, Olsen filed the instant civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was unlawfully arrested while filleting fish in his backyard. Under Federal Rule of Civil Procedure 4(m), Olsen had 90 days from October 8, 2020, to serve the Summons and Complaint on the Defendants.[1] The Court later extended Olsen's time to complete service on Defendants to March 8, 2021. Dkt. 6. The Court warned, "[i]f Plaintiff fails to serve any of the Defendants by the deadline stated below, this action may be dismissed without prejudice as to that Defendant or Defendants pursuant to Federal Rule of Civil Procedure 4(m)." *Id*. The Court issued a summons to Olsen at his request on March 8, 2021. Dkt. 7. Olsen subsequently filed an Affidavit of Service of Summons and Complaint with the Court, attesting that the Complaint and Summons were served upon

---

[1] Thus, Olsen had until January 8, 2021 to serve the Defendants.

the City Clerk for the City of Eagle on March 8, 2021, the day that service was due. Dkt. 9. Included as parties within the Summons were the City of Eagle, Calley, Boswell, Daigle, and Wentz. Dkt. 9.

Defendants subsequently filed a Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction. Dkt. 38. Olsen never filed a response. Notably, the Court has already dismissed the claims against two other defendants in this case—Ryan Lee and Ian Seavey—in their individual capacities only. Dkt. 36.

### III. LEGAL STANDARD

**A. Rule 12(b)(5)**

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a claim for insufficient service of process. Pursuant to Rule 4(m), it is a plaintiff's duty to serve each defendant in the case within 90 days after filing the complaint, or to request a waiver of service under Rule 4(d). Fed. R. Civ. P. 4(m). Service upon a defendant in their individual capacity must conform with Rule 4(e), which provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>   (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>   (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

MEMORANDUM DECISION AND ORDER - 3

Fed. R. Civ. P. 4(e). Serving an individual defendant in his or her official capacity "may be made personally or by leaving the summons and complaint with an authorized agent at the defendant's place of employment." *Gerritsen v. Consulado Gen. De Mexico*, 989 F.2d 340, 344 (9th Cir. 1993).

> Rule 4 of the Idaho Rule of Civil Procedure requires:
>
> (d) Upon Whom Served.
>     (1) Service on Individuals. An individual, other than a person under age 14 or an incompetent person, may be served doing any of the following:
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone at least 18 years old who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Dist. Idaho Loc. Civ. R. 4.

In the Ninth Circuit, a motion to dismiss based on a plaintiff's failure to abide by Federal Rule of Civil Procedure 4(m) requires a two-step analysis: "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (cleaned up). With respect to the first step, the Circuit has clarified that showing "good cause" is the equivalent of demonstrating "excusable neglect," and that, to establish good cause, a Plaintiff may also be required to show "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely

MEMORANDUM DECISION AND ORDER - 4

prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987)).

The Ninth Circuit has declined to "articulate a specific test that a court must apply in exercising its discretion" under the second step of the Rule 4(m) analysis. *In re Sheehan*, 253 F.3d at 513. However, it has noted that if a Plaintiff cannot establish good cause, the Court's discretion to nevertheless extend the prescribed time period for the service of a complaint "is broad." *Id*. Finally, if a court declines to extend the time period for the service of process, it must dismiss the complaint without prejudice. *See U.S. v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004).

### B. Rule 12(b)(2)

Under Rule 12(b)(2), a defendant may seek dismissal of an action due to lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

### IV. DISCUSSION

### A. Rule 12(b)(5)

Olsen sued Defendants in their individual and official capacities. After the Court's extension, service of process was due by March 8, 2021. Dkt. 6. Olsen failed to serve Defendants by that deadline because he only served the City of Eagle and Boise City—separate defendants in the instant case—and did not serve Defendants individually. No process was served in any form to Defendants. This violated the Federal and Idaho Rules of Civil Procedure, which require personal service. Fed. R. Civ. P. 4(e); Dist. Idaho Loc. Civ. R. 4(d).

MEMORANDUM DECISION AND ORDER - 5

Because Olsen failed to meet the Rule 4 requirements, the Court will determine if Olsen has shown good cause under the *In re Shaheen* factors to receive an extension for time to serve process. The Ninth Circuit has held that even if the plaintiff cannot show good cause, a plaintiff must still demonstrate why his inadvertence is excusable to receive more time to serve a defendant. *See U.S. for Use and Benefit of Familian Northwest, Inc. v. RG & B Contractors, Inc.*, 21 F.3d 952, 956 (9th Cir.1994). Here, Olsen has not shown good cause because he failed to respond to the Motion to Dismiss. Olsen has not made any argument claiming he deserves an extension, and, indeed, has not even asked for an extension. These extensions are not automatic—the Ninth Circuit requires plaintiffs to "show" good cause. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). This dearth of effort on the part of Olsen or his attorney, once again, is fatal to Olsen's argument.

While courts do have significant leeway to grant extensions, there are limits to what a court can do. Deciding to not grant Olsen a second extension accords with precedent from this Court. In *Campbell v. Stander*, plaintiff Campbell filed his complaint and then did not serve his defendants for over a year. *Campbell v. Stander*, 2013 WL 4433693, at *2 (D. Idaho Aug. 16, 2013). Campbell "provided no evidence that Stander and Cardova attempted to evade service, or that they took any action that contributed to the delay; he has only stated that "[e]fforts to serve those defendants are ongoing." *Id.* Campbell also failed to state that he would suffer prejudice if the defendants were dismissed. This Court held that "[g]iven Campbell's failure to show notice, prejudice, or any justification for the insufficient service, the Court cannot find good cause for the deficient service of process."

MEMORANDUM DECISION AND ORDER - 6

*Id.* As Olsen has similarly failed to show notice, prejudice, or justification, the Court also cannot find that Olsen's neglect somehow qualifies as good cause.

Thus, because Olsen failed to establish good cause by not responding, the Court will not grant him another extension to properly serve process. Therefore, the Court will GRANT the Motion to Dismiss (Dkt. 38) and DISMISS the claims against Defendants in their individual and official capacities.

### B. Rule 12(b)(2)

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Rule 12(b)(2) and Rule 12(b)(5) often work hand in hand. For example, this Court held in *Mendoza-Jimenes v. Bonneville County* that "[b]ecause Mendoza-Jimenes failed to properly serve the Bonneville County Defendants (Rule 12(b)(5)), the Court lacks jurisdiction over them (Rule 12(b)(2))." 2018 WL 3745818, at *3 (D. Idaho Aug. 7, 2018). Here, Defendants were not properly served. Therefore, under Rule 12(b)(2), the Court has no personal jurisdiction over the Defendants. The claims against Defendants are therefore DISMISSED.

### V. ORDER

The Court HEREBY ORDERS:

1. Defendants Patrick Calley, Aaron Boswell, Neil Daigle, and Amanda Wentz's

Motion to Dismiss (Dkt. 38) is **GRANTED** and the claims against Defendants in their individual and official capacities are **DISMISSED**.

DATED: January 13, 2022

_____
David C. Nye
Chief U.S. District Court Judge